FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IRYNE WITEK,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-981 (CBA)(VVP)

**AMON, Chief United States District Judge:**

Plaintiff Iryne Witek brought this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e et seq., and 42 U.S.C §§ 1981, 1983 on February 29, 2012. (Docket Entry ("D.E.") # 1.) Now before the Court is a comprehensive Report and Recommendation ("R&R") from the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, addressing a motion by Witek's former counsel, the Law Offices of Anthony J. Colleluori & Associates, PLLC ("former counsel"), to set the amount of a charging lien asserted along with their motion to withdraw as counsel, (D.E. # 49). For the reasons set forth below, the Court adopts the R&R to the extent that it recommends assessing the charging lien in the quantum meruit amount of $75,946.00.

## BACKGROUND

The Court assumes familiarity with the facts and protracted procedural history of this case, (see R&R at 1-2), but briefly recounts those proceedings relevant to Magistrate Judge Pohorelsky's recommendation. Former counsel's motion to withdraw was granted on January 9, 2014. (D.E. #53.) Prior to that withdrawal, the parties had reached an apparent settlement agreement with a total recovery to Witek of $140,000.00. (See R&R at 8.) When Witek later

1

refused to accept this agreement, former counsel sought the Court's leave to withdraw—in large part because former counsel was unable to deny having in fact accepted the settlement on their client's behalf. (See R&R at 2; D.E. # 49.)

Replacement counsel continued settlement discussions, which eventually culminated in an agreement to the previously agreed-upon monetary award with some modification of non-monetary terms. (See R&R at 8.) As a result, the parties stipulated to dismissal, (D.E. # 79), and the Court dismissed the case on September 4, 2014, (D.E. # 80). Shortly thereafter, Witek again refused to accept the agreed-upon settlement and moved to reopen the case, (D.E. # 98), a motion that is presently pending.

Magistrate Judge Pohorelsky has recommended a two-tiered approach to assessing the charging lien depending on the outcome of Witek's pending motion to reopen the case. Should that motion be denied and the existing settlement—pursuant to which Witek will recover the same amount originally negotiated by former counsel—remain in place, Magistrate Judge Pohorelsky recommends that former counsel's charging lien be assessed in the amount of $44,666.97. Should the case be reopened, however, Magistrate Judge Pohorelsky recommends that former counsel's charging lien be assessed in the lodestar amount of $75,946, to be paid out of any recovery Witek may thereafter obtain.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011)

2

(internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Witek, now proceeding pro se, filed a letter responding to the R&R on April 7, 2015,[1] (D.E. # 107), which the Court liberally construes as timely raising two objections: (1) that one of her former attorneys, Anthony Colleluori, did not actually help her and that the only lawyer who worked hard on her case was Colleluori's associate, Alena Shautsova; and (2) an apparent claim that she has already made payments of $10,000 to former counsel, and that the lien should be reduced by this amount accordingly. Former counsel responded to Witek's letter, explaining that the payments Witek identifies were made in connection with a previous, unrelated representation, (see D.E. #108), but has not objected to the R&R.

Witek's first objection amounts to a general and conclusory assertion that Colleluori did not work hard on her case. Although "[t]he objections of parties appearing pro se are generally accorded leniency," Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (internal quotation marks and quotations omitted), "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument," Brown v. Smith, No. 09-CV-4522, 2012 WL 511581, at *2 (E.D.N.Y. Feb. 15, 2012) (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). Witek has not specifically objected to any of the work attributed to former counsel or offered any evidence challenging the authenticity of

---

[1] Witek appears to continue her objections by letter dated April 20, 2015, (see D.E. # 109). Given Witek's pro se status, the Court has liberally construed that letter, although not timely submitted, along with her initial objections.

3

former counsel's time records. As such, the Court declines to entertain Witek's vague, conclusory, and wholly unsubstantiated claims about Colleluori's performance.

Witek next objects that she has already paid former counsel $10,000. At the outset, the Court notes that one payment Witek identifies, in the amount of approximately $6,000, was ordered by Magistrate Judge Pohorelsky to satisfy a retaining lien properly asserted by former counsel at the time of their withdrawal. (D.E. #75; see R&R at 1 n.1.) With respect to the remaining $4,000 of alleged payments, a cursory review of the supporting materials submitted by Witek reveals that at least some of these payments predate the present action. Moreover, the dates appear to have been altered on at least some of the check copies Witek provided. Even construed liberally, the Court cannot identify a specific legal objection from this record—much of which does not appear to have been presented to Magistrate Judge Pohorelsky, and thus need not be considered, Scientific Components Corp. v. Sirenza Microdevices, Inc., No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). In any event, even if $4,000 was previously tendered to former counsel, this amount is more than offset by the considerable downward adjustments and conservative estimates employed throughout the R&R in calculating the appropriate assessment for the charging lien.

Although Witek has not made a specific legal objection to the R&R, in light of her pro se status and in the interests of abundant caution, the Court has nevertheless reviewed the R&R de novo. The Court adopts the R&R to the extent that it recommends assessing the charging lien in the amount of $75,946. This amount is the lodestar figure, supported by Magistrate Judge Pohorelsky's detailed calculations, which reflects the quantum meruit value of former counsel's

4

services. See Stair v. Calhoun, 722 F. Supp. 2d. 258, 268 (E.D.N.Y. 2010) ("As for the amount at which the charging lien should be fixed, it is [] well settled in New York that . . . a discharged attorney may recover the fair and reasonable value of the services rendered, determined at the time of the discharge and computed on the basis of quantum meruit."); Cohen v. Grainger, Tesoriero & Bell, 81 N.Y.2d 655, 658 (1993) ("[A] discharged attorney may recover the fair and reasonable value of services rendered determined at the time of discharge and computed on the basis of quantum meruit." (internal quotation marks and citation omitted)); People v. Keefe, 50 N.Y.2d 149, 156 (1980) ("[I]f an attorney is discharged without cause he will be allowed a charging lien upon the proceeds of the lawsuit, the amount to be determined on a quantum meruit basis at the conclusion of the case.").

## CONCLUSION

For the reasons set forth above, the charging lien is assessed in the amount of $75,946.

SO ORDERED.

Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, NY
August 21, 2015

5